# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 17-11281
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**
June 19, 2018

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

FORTINO PIMENTEL-SOTO,

Defendant-Appellant

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 3:17-CR-274-1

Before HIGGINBOTHAM, JONES, and SMITH, Circuit Judges.

PER CURIAM:[*]

Fortino Pimentel-Soto, represented by the Federal Public Defender, appeals his within-guidelines, 30-month sentence for illegal reentry after removal from the United States, in violation of 8 U.S.C. § 1326(a), (b)(2). On appeal, he argues for the first time that his indictment did not allege that he had a prior conviction and, therefore, his sentence under § 1326(b)(2) violates due process because it exceeds the statutory maximum sentence under

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 17-11281

§ 1326(a). Seeking to preserve the issue for further review, he correctly concedes that his argument is foreclosed by *Almendarez-Torres v. United States*, 523 U.S. 224, 226-28, 235 (1998), in which the Supreme Court held that convictions used to enhance a sentence under § 1326(b) need not be set forth in the indictment.

The Government has filed an unopposed motion for summary affirmance. As Pimentel-Soto correctly concedes that his argument is foreclosed and is raised only to preserve it for further review, summary affirmance is appropriate. *See Groendyke Transp., Inc. v. Davis*, 406 F.2d 1158, 1162 (5th Cir. 1969). Accordingly, the Government's motion for summary affirmance is GRANTED, and the judgment is AFFIRMED. The Government's alternative motion for an extension of time to file a brief is DENIED.